Filed 5/9/25  P. v. Galaviz CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D084382 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS328095) |
| MICHAEL GALAVIZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Michael J. Popkins, Judge.  Affirmed.

Matthew Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Michael Galaviz appeals from a judgment entered after he pleaded guilty to one count of failure to register as a sex offender (Pen. Code,[1] § 290.018, subd. (b)).  The trial court sentenced Galaviz to two years in

_____

[1]     Undesignated statutory references are to the Penal Code.

prison.  On appeal, Galaviz's appointed counsel filed an opening brief raising no arguable issues and requesting that we independently review the record for potential issues under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*).  We have independently reviewed the record and find no arguable issues that would result in a modification or reversal of the judgment.  Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In September 2023, a felony complaint was filed against Galaviz, charging him with one count of failure to register as a sex offender (§ 290.018, subd. (b)).  Following an initial mental health examination of Galaviz, a state physician opined that Galaviz had the ability to understand the nature of the proceedings against him and to cooperate with his counsel in a rational manner in his own defense.  However, following a second mental health examination one month later, the same physician opined that Galaviz did *not* adequately understand the nature of the proceedings against him and could *not* assist his counsel in a rational manner in his defense.  The physician also opined that Galaviz was suffering from a severe mental disorder which required medical treatment with antipsychotic medications pursuant to section 1370.

On January 10, 2024, the trial court conducted a hearing on Galaviz's mental capacity and found that he was mentally incompetent.  The court further found that Galaviz lacked the capacity to make a decision regarding antipsychotic medication, his mental disorder required medical treatment with antipsychotic medication and, if his mental disorder was not treated with antipsychotic medication, it was possible that serious harm to his physical or mental health would result.  The court then ordered Galaviz

committed to a state hospital for care and treatment and authorized the involuntary administration of antipsychotic medications.

On March 21, the court conducted another hearing on Galaviz's mental competency and received in evidence a report of a physician. The court found that Galaviz was mentally competent to stand trial, reinstated criminal proceedings, and ordered him returned to local custody.

On March 29, Galaviz signed a plea agreement pursuant to which he pleaded guilty to the charge of failure to register as a sex offender (§ 290.018, subd. (b)). At a hearing on that date, the court advised Galaviz regarding his constitutional and statutory rights, accepted his waivers of those rights, and then accepted his guilty plea. The court subsequently sentenced Galaviz to the middle term of two years for his conviction of failure to register as a sex offender. Galaviz appealed the judgment.

On appeal, Galaviz's appointed counsel filed a brief under *Wende* and *Anders*, setting forth the facts of the case and requesting that we independently review the entire record, but raising no arguable issues. To assist us in our review, his counsel identified the possible issue of whether the trial court erred by not investigating mental health diversion for Galaviz pursuant to section 1001.36.

We issued an order granting Galaviz an opportunity to file his own supplemental brief, but he has not done so.

DISCUSSION

We have considered the possible issue identified by Galaviz's appellate counsel and conducted an independent review of the entire record for other arguable issues under *Wende* and *Anders*. Based on our review, we conclude there are no arguable issues that would result in a modification or reversal of the judgment. Galaviz is competently represented in this appeal.

3

Accordingly, we affirm the judgment. (*Wende*, *supra*, 25 Cal.3d at pp. 441–442.)

## DISPOSITION

The judgment is affirmed.

BUCHANAN, J.

WE CONCUR:

HUFFMAN, Acting P. J.

O'ROURKE, J.